

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2006

# Scott v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Scott v. Atty Gen USA" (2006). *2006 Decisions.* Paper 637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3256
_____

JULIAN JEROME SCOTT,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
Immigration Judge Walter A. Durling
(Agency No. A95 208 431)
_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 1, 2006

Before: SLOVITER, SMITH AND VANANTWERPEN, CIRCUIT JUDGES

(Filed: August 1, 2006)

_____

OPINION
_____

PER CURIAM

Julian Jerome Scott, a citizen of Jamaica, petitions for review of a final order of

removal of the Board of Immigration Appeals ("BIA"). We will deny the petition.

Scott came to the United States in 2001 as a temporary worker. In 2003, a notice to appear was issued charging him with removability for remaining here for a time longer than permitted. See 8 U.S.C. § 1227(a)(1)(B). An Immigration Judge ("IJ") found Scott removable as charged. The IJ also found that Scott was convicted in Pennsylvania state court of Delivery of a Controlled Substance (Cocaine), as set forth in the Government's notice of additional charges of deportability. The IJ determined that this conviction constituted an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B). The IJ further noted that Scott married a United States citizen, who filed a visa petition on his behalf. However, due to his aggravated felony conviction, the IJ concluded that Scott was statutorily ineligible for an adjustment of status, a waiver of removal under § 212(h) of the Immigration and Nationality Act ("INA"), or any other relief from removal. As a result, the IJ ordered Scott's removal to Jamaica.

On appeal, the BIA agreed that Scott was removable and ineligible for any form of relief from removal. The BIA adopted and affirmed the IJ's decision. Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. The District Court transferred the habeas petition to this Court to be treated as a petition for review pursuant to the Real ID Act of 2005, Pub. Law No. 106-13. We have jurisdiction pursuant to § 106(c) of the Real ID Act.

Scott argues in his brief that the Government did not establish by clear and

convincing evidence that he is removable based upon his controlled substance conviction because the Government did not produce a laboratory report showing that the drug he sold was in fact cocaine. Scott raised this claim for the first time in District Court in his reply to the Government's response to his habeas petition. He did not challenge his removability in the administrative proceedings. Because Scott did not exhaust his administrative remedies as required by 8 U.S.C. § 1252(d)(1), we lack jurisdiction to consider this claim. Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005).

Scott also argued in his habeas petition that his case should be remanded to the IJ because the IJ did not inform him that he could apply for a waiver of removal under INA § 212(h) and relief under the Convention Against Torture ("CAT"). Scott maintained that a § 212(h) waiver was warranted based upon the hardship he would face in Jamaica due to the lack of medical treatment available for his sickle cell anemia. Scott also stated that he feared persecution on political grounds. Alternatively, Scott asked the District Court to dismiss the charges against him on humanitarian grounds due to his illness.

Scott did not address these claims in his brief to this Court. To the extent he still pursues them, the IJ found Scott statutorily ineligible for § 212(h) relief, and Scott did not appeal that ruling to the BIA. Scott only asked the BIA, in its discretion, to stay or dismiss the charges against him on humanitarian grounds due to his illness or remand his case for further consideration by the IJ. As explained above, we lack jurisdiction to consider Scott's unexhausted claim. Under 8 U.S.C. § 1252(a)(2)(B), we also lack

jurisdiction to review any discretionary decision by the BIA not to remand Scott's case.[1]

Finally, Scott did exhaust his claim that the BIA should have remanded his case to the IJ so that he could apply for relief under the Convention Against Torture. In his appeal to the BIA, Scott stated that he was forced to flee his home because the government had sent soldiers after him due to his membership in the Jamaican Labor Party.[2] Scott did not provide any details about the alleged persecution or any evidence supporting his representations. Absent a showing that he would have qualified for CAT relief, we cannot conclude that a remand was required based upon the fact that the IJ did not advise him that he could apply for such relief. See Bonhometre, 414 F.3d at 449 (stating in dicta that an IJ's failure to advise an alien of his CAT eligibility did not support a procedural due process violation where there were no facts in the record supporting such a claim).

Accordingly, we will deny the petition for review.

---

[1]We also lack jurisdiction to consider Scott's additional claims in the habeas proceedings that he did not receive notice of the removal charges based upon his criminal conviction and that his conviction did not constitute an aggravated felony. Scott did not exhaust these claims in the administrative proceedings.

[2]The BIA did not address this argument. The BIA erroneously stated that Scott's CAT claim was based upon his illness and denied a remand to the IJ to consider such a claim.